NEW-YORK,
Nov. 1808.

Bruce
v.
Pearson.

If a person sends an order to a merchant, to send him a particular quantity of goods on certain terms of credit, and the merchant sends a less quantity of goods, at a shorter credit; and the goods sent are lost by the way, the merchant must bear the loss, for there is no *contract*, express or implied, between the parties.

Bruce and Bruce *against* Pearson.

THIS was an action of *assumpsit*, for goods sold and delivered. The cause was tried at the last sittings in *New-York*, before Mr. Justice *Van Ness*.

On the 11th *December*, 1805, the defendant, who resides at *Albany*, wrote a letter to the plaintiffs, who are merchants in the city of *New-York*, as follows :

" *Albany*, 11th *December*, 1805.

Gent.

" Should you find it perfectly agreeable to yourselves, (not otherwise,) you can send me by any sloop, provided you think the river will keep open, the goods I have noted at foot, and payable the 15th *May* next. If you think the time too long, you need not send them."

The goods mentioned were, " 6 hogsheads rum ; 1 hogshead sugar ; 1 pipe gin ; 1 pipe brandy ; 4 quarter-chests hyson-skin tea ; 20 or 40 small boxes pipes, if low ; 10 barrels of codfish."

The plaintiffs, on the 21st *December*, 1805, shipped on board of a sloop, for the defendant, " 3 hogsheads rum ; 1 pipe brandy ; 2 chests tea ; 1 hogshead sugar, and 1 pipe of gin." At the bottom of the bill were these words ; " at three months : interest after, till paid."

They also wrote to the defendant, as follows :

" *Dear Sir*,

" Your much esteemed favour of the 11th inst. we only received on the 19th. We were much at a loss to know how to act ; we, however, have calculated to risk the getting up, and have reduced the order, and shipped per the *Fair Play*, as on the other side."

The vessel having the goods on board, (the river being much obstructed with ice,) was, during her passage, cast away, and part of the goods wholly lost. The master, on the 8th *January*, 1806, having left the vessel, went to *Albany*, and delivered the letter of the plaintiffs to the de-

fendant, who, having read it, said that he did not consi-
der the goods as his, as the plaintiffs had not sent *all* the
goods ordered, nor on the terms proposed. On the same
day, the defendant wrote to the plaintiffs, informing them,
that the vessel was ashore, and that he did not consider
the goods at his risk, and advising them to give directions
for their preservation, offering, if the plaintiffs considered
him as liable, to leave the question to be decided by arbi-
trators.

The goods were charged at the market price of goods,
at three months credit.

The plaintiffs offered to prove, that the defendant had
frequently, prior to the 11th *December*, 1804, sent orders
to the plaintiffs for goods, which were executed only in
part, and that the defendant had always received the goods
sent, without making any objection; and that it was a
general usage among merchants in the city of *New-York*,
to send to their customers in the country, a part only of
the goods ordered; but this evidence was objected to, and
overruled. The judge was about to order the plaintiffs
to be called, when the counsel agreed that a verdict might
be taken for the plaintiffs, subject to the opinion of the
court on a case containing the facts above stated; and that,
if the opinion of the court should be in favour of the de-
fendant, a nonsuit should be entered.

The case was, now, argued by *D. B. Ogden* and *Boyd*,
for the plaintiffs; and

*P. W. Radcliff*, and *J. Radcliff*, for the defendant.

*Per Curiam.* The order sent by the defendant to
the plaintiffs, was for 6 hogsheads of rum, and other arti-
cles, at a credit of six months; and the plaintiffs sent only
3 hogsheads, and omitted part of the other articles, char-
ging those sent, at a credit of three months. This cannot
amount to a *contract*. There is no agreement, no *aggre-
gatio mentium* between the parties, as to the thing, or sub-
ject matter of the contract. The defendant wished to have

Vol. III.                    3 Y

NEW-YORK,  the whole of the goods ; a part of them might be of no
Nov. 1808.  use ; and until he assented to receive a part instead of the
—————      whole, he cannot be said to have contracted to pay for a
Hackley    part ; and there can be no *implied assumpsit* to pay, as
v.         the goods sent, never came to his hands.
Patrick.
—————

> Judgment of nonsuit.