Malin
v.
Rose.

---

## Malin & Prosser vs. Rose.

Where a *proceeding* in the *nature of an action of ejectment* is had, upon the requirement of a defendant, to compel the determination of claims to real property, and the plaintiff has a verdict, upon which he enters judgment, the defendant is not entitled to demand *as of course*, as he may do in an ordinary action of ejectment, that the judgment be vacated and that a new trial be granted on payment of the costs and damages; the *judgment* in such case is *conclusive* as to the title established in the action.

A new trial may be granted in such case, for errors of law or fact happening at the circuit; but the losing party is not entitled to it *as of course*.

December 18.      THE defendant in this case compelled the plaintiffs to commence a proceeding in the nature of an action of *ejectment* against him, for the recovery of certain lands, under the provisions of the revised statutes, headed, "Proceedings to compel the determination of claims to real property in certain cases." 2 R. S. 312, &c. The plaintiffs, upon being served with the notice prescribed by the statutes, appeared and *de-*

*clared* against the defendant, who put in a plea of the gener. al issue. The cause was tried, and the plaintiffs had a verdict, which the court, on motion, refused to set aside. The plaintiffs entered judgment, and the defendant now asked the court to vacate the same and to grant a new trial, *upon payment of all costs and damages*, in pursuance of the provisions of the statute regulating proceedings in the action of ejectment, 2 R. S. 309, § 36, 37.

It was objected that this case was not governed by the sections of the statute relied upon by the defendant, which it was said were applicable only to the *ordinary action of ejectment*, and not to the *special proceeding* though in the nature of an action of ejectment had in this case. In this proceeding, the judgment is declared to be *conclusive* as to the title established in the action, 2 R. S. 314, § 14, and consequently a new trial cannot be granted, unless the verdict is wrong ; whereas, in the ordinary action of ejectment, the conclusiveless of the judgment is subject to certain exceptions. 2 R. S. 309, § 3', 37.

*By the Court*, SAVAGE, Ch. J. Title first of chapter fifth of the third part of the revised statutes, 2 R. S. 303 to 312, treats " Of the action of Ejectment." The 36th section of the title declares, that every judgment in the action of ejectment, rendered upon a verdict, shall be *conclusive* as to the title established in such action, upon the party against whom the same is rendered, and against all persons claiming under him, *subject to certain exceptions ;* one of which is, that the party against whom the judgment is rendered is entitled, at any time within three years after the rendition of the judgment, upon application to the court to have the judgment vacated, and a new trial granted *as of course*, upon payment of all costs and damages recovered by the judgment ; and upon a subsequent application, within two years after the rendition of the second judgment, a second new trial may be obtained, if the court, *in their discretion*, think proper to grant it. § 37. These provisions alter the effect of a judgment in ejectment, which formerly was not conclusive in any manner. The second title of this chapter introduces *a new proceeding*, by which a

person in possession of land claimed by another, may compel that other to prosecute an action of ejectment to recover the land, or be barred.   After various provisions in respect to such proceeding, the following section is found : " In such action of ejectment, a judgment obtained by either party, shall be conclusive against the other party, as to the title established in such action ; and also, against all persons claiming under such party by title accruing subsequently to the service of the notice herein before provided." 2 R. S. 314, § 14.   To this declaration of the effect of the judgment, there is added no exception ; and on the contrary, the language is, that in *such action*, the judgment, when obtained, shall be conclusive. The difference is this : in the ordinary case, the losing party is entitled to ask that the judgment be vacated after it has been obtained, although the court may have refused a new trial upon the law and the facts of the case.   In the class of special actions, to which this belongs, the parties are limited to the ordinary practice of the court in relation to granting new trials.   Such was evidently the intention of the legislature, by making a distinction between the two classes of actions of ejectment.   The word *such*, in the 14th section, has an important influence : it confines the *conclusiveness* of the judgment to *such action* as is instituted in conformity to the previous sections of the article.

Motion denied.*

---

* As to the construction of the statute, vide 5 Rep. 118, 119 ; 6 Bingham, 561 ; 6 East, 518 ; 8 Barn. & Cres. 104, 164 ; 1 T. R. 52, 96 ; 2 Barn. & Ald. 522 ; 3 Maule & Selw. 20.