CASE. Narr on the following bill of exchange, drawn by plaintiff and accepted by defendant: —
Richmond, Va., May 11, 1833.
$340 20. Four months after date pay to the order of William M'Kervis, Esq. $340 20, for value received, without further advice.
 Tour most obedient servant;
 NICHOLAS MILLS.
Mr. R. B. Gilpin, Wilmington.
This bill was regularly accepted by defendant and protested at maturity for non-payment. The pleas were non assumpsit; payment; discount, and the act of limitations. It appeared on the evidence, that Gilpin had ordered a cargo of coal of the best quality, to be forwarded by Mills, from his residence in Virginia, to defendant in Wilmington; and, on being advised of its shipment, had accepted, as was his custom, this bill of exchange for the amount. When the coal arrived it was taken into the defendant's yard, and he paid the freight amounting to $140; but when it came to be tested, it was found to be of such indifferent quality that the smith's would not use it. It was therefore unsaleable, and a large portion of it still remained on the defendant's hands. This was the matter of defence; and the defendant contended, that as coal had been sent of a Quality entirely different from that ordered, he was not bound to pay for it at all, though he had accepted a bill for the amount; or that he at most, was not bound to pay more than the actual value of the article.
Wales for plaintiff. On the shipment of the coal at Richmond, and signing the bills of lading, the property in the coal vested in Gilpin; it was at his risk; he was the owner, and he so conducted himself; he received it into his yard; sold a part of it: still retains the balance; and has not accounted either for what was sold, or for what remains on hand. These acts of ownership make him the proprietor *Page 33 
and liable for the amount. A partial failure of consideration cannot be set up as a defence to an action on the bill, where such failure and the extent of it is unascertained. It may be the subject of a cross action, but not of defence in this action. 1 Camp. Rep. 40,Morgan vs. Richardson; 2 do. 346; 7 East. 479, 483; 14 East. 486; 16 do. 206; 1 Stark. Rep. 51. I agree, that if fraud is proved it would vitiate the whole transaction; but no such thing here.
Gilpin, for defendant. The defendant is not bound to pay any thing in this case, because there has been a total failure of the consideration; the coal not being worth even the amount of freight paid by him. 2d. But if the coal is not considered as entirely worthless, the jury can give a verdict only to the amount of its actual value.
In opposition to this, the plaintiff has set up the technical rule, that such a defence cannot be made to an action on the bill of exchange, but must be the subject of a cross action. I shall contend, that this rule, so much at variance with justice, is not the doctrine of the courts, at the present day.
It is a fundamental rule of law, that every contract must have a consideration. True, in certain cases of sealed instruments, the consideration cannot be inquired into in a court of law, because of the difficulty of getting at the original foundation of the instrument; but there is no more reason for concluding the, defendant in such a case as this, from objecting to the consideration of his acceptance, than if it were an open account. The case in 1 Camp,
does not appear to be a case of warranty; nor that the defendant had not the opportunity of examining the articles, and thus being under the rule of caveat emptor. 2 Camp, proceeds on an exploded distinction between the failure and the want of a consideration. 14East, cannot apply, for it is not the case of a contract of sale of personal property. I cite Peake's nisi prius Cases 61,Barber vs. Backhouse, et al. Idem 216, Ledger vs.Euer.
The present case presents all the features of the several classes of warranty cases, sales by sample; sales without inspecting bulk, c.c. 4 Camp. 144, Gardner vs. Gray; 4 Barn, andCress 115; 5 Bingham 533; 1 Stark. Rep. 107, (51) 2Ear. and Johns. 350. If the article sent be different from the article ordered, the vendee may store it, give notice to the vendor, and recover back the purchase money. And there is no reason why he should not set this up as a defence to an action for the purchase money. 9 Barn, and Cress. 259; 5 Carr. andPayne 343; 7 East 440, n. If one thing be ordered and a different article be sent, there is no contract, and can be no recovery. 2 Kent's Com. 364-5, 369, 374-5; 3 John. 534. And wherever there is a warranty, express or implied, the defendant may *Page 34 
set up a partial failure of the consideration as a defence to an action for the consideration. And if the jury believe that Mills knew
the quality of this coal when he shipped it and forwarded the bill for acceptance, it is a case of legal fraud.
Wales in reply. The defence of a partial failure of the consideration cannot be set up in any case where the defendant has used or disposed of a part of the article, without accounting for the proceeds and paying the amount into court. Mr. Gilpin has sold a large amount of this coal.
But the policy of the law does not allow such defence to be made at all, in an action on the bill. And this distinguishes the present, from the case in 1 Stark. Rep. 107; which was not on the bill. Let the bill be paid according to defendant's undertaking, and then if the quality of the coal is inferior to that ordered, let him bring his action against Mills, for a failure of the implied warranty.
The Court charged the jury that the defendant, by his acceptance, made himself liable to pay the amount, and that apartial failure of the consideration could not be set up as a defence to an action on the bill, but must be the subject of a cross action. But if there is fraud in the transaction; if from the inadequacy of the value of the article sent, its total dissimilarity from the article ordered, or from other circumstances, the jury are satisfied that a fraud was intended to be practised by the seller on the buyer, this would vitiate the whole contract, and might be a proper defence to the action; and for the purpose of showing fraud, it is competent for the defendant in an action on the bill to give in evidence the bad quality of the article. And if there has been atotal failure of the consideration, that is, if the. coal forwarded was worth nothing to the defendant, or not worth more than the freight which he had to pay, the verdict in that case ought to be for the defendant.
 The plaintiff had a verdict for a part of the amount claimed.