JOSEPH SOLOMAN *and* LEOPOLD SOLOMAN *v.* HENRY NEIDIG *and* CHARLES SAAS.

The plaintiffs sold to N. and S. jointly, a quantity of goods, to be paid for in cash, on delivery, or by the note of S. at three months, indorsed by N. The plaintiffs delivered part of the goods, but refused to deliver the residue, on the ground that S. had failed. Plaintiff made no tender of the goods nor demand for either cash or the note, but brought his action for the value of the goods before the expiration of the three months.

*Held,*—that a motion for a nonsuit should have been granted.

1st. The contract being an entirety, no recovery could be had until the whole of the goods were delivered.

2. The insolvency of one of the purchasers was no excuse for the plaintiff's neglect to tender delivery to the other, and make the election either to take the note or cash.

APPEAL by defendants from a judgment entered at the Trial Term on the verdict of a jury.

The facts fully appear in the opinion of the Court.

*Lockwood & Overfield,* for appellants.

*Fincke & Lapaugh,* for respondents.

BY THE COURT.—BRADY, J.—The defendants purchased from the plaintiffs about three hundred dollars' worth of bird cages. They were to be delivered at the store of the defendants, or one of them in Broadway, and were to be paid for in cash, five per cent. off, or by the note of the defendant Saas, at three months, endorsed by the defendant Neidig. The plaintiffs delivered about two hundred and fifty-eight dollars worth of the goods, but did not deliver the balance " because the defendants had failed—one of them—and there was an assignee's sale at the store." The note was not demanded of either of the defendants, nor was any application made to either of them for the cash before suit brought. It was concluded that the three months' credit to which the defendants would have been en-

Soloman v. Neidig.

titled, had the note been elected, had not expired when the action was commenced. On these facts, the defendants' counsel moved to dismiss the complaint, upon the grounds, First. That the three months' credit had not expired, and Secondly, "because the plaintiffs had proved but one contract for the sale and delivery of goods, as an entirety, of which goods a part only had been delivered, although it appeared that one of the defendants was solvent.

The Judge denied the motion, and exception was taken. The exception was well taken. The contract was an entirety, and under the well-settled rule in this State, the plaintiffs were not entitled to a recovery until the whole of the goods were delivered. *Champlain* v. *Rowley*, 12 Wend. 258; 18 *Id.* 187; *Mead* v. *Degolyer*, 16 Wend. 632; *Page* v. *Ott*, 5 Denio, 406.

I am inclined to think that if the plaintiffs had dealt with the defendants as copartners, although they were not in fact, that the failure of Saas would have excused a further performance of the contract on their part. The plaintiffs had the right to require cash, and they would, under the circumstances, have been justified in assuming that it was not in the power of the defendants, a failure having occurred, to pay cash for the goods when the balance was delivered. The plaintiff did not deal with them as copartners, however. The elder Soloman knew that the defendants had done business as copartners five years before the sale, and stated that the plaintiffs "had not sold them any goods *since the dissolution*" of their partnership. And it further appears that he considered the proposition that Saas would give his note, and Neidig endorse it, in payment for the goods which form the object of this controversy. The sale was made to the defendants jointly, it is true, but the failure of one of them, the other being solvent, did not excuse the plaintiffs from delivering the whole of the merchandise, and making the election either to take the note or cash. This was not done, nor was there any offer to deliver to either of the defendants. It is true also, that when the balance of the purchase was taken to the store in Broadway, the younger Soloman found an auction sale going on, and saw Neidig, but he did not communicate to him his readiness to deliver the goods or make any demand for note or money. Nor

Morris v. The Third Avenue Railroad Company.

did he do it at any subsequent time. If Neidig, a solvent pur-
chaser, were to be held liable, it could only be based upon a
compliance with the rules of law establishing such liability,
which were not observed. A tender to him would have been
sufficient to charge him and to have completed the obligations
of the plaintiffs to both defendants. Until the plaintiffs per-
formed their contract, they were not in a situation to demand
either note or money. I think the evidence discloses circum-
stances which render it desirable that this judgment should
not be disturbed, but I cannot discover any rule of law by
which it can be upheld.

The judgment must be reversed.