## LUCY TIMMONS *vs.* JOHN W. NELSON.

When property is sold which, from its nature, must be delivered in parcels, if the contract is to pay on delivery, payment cannot be demanded until the whole is delivered.

The defendant purchased of the plaintiff all the manure that should be produced during the ensuing year, upon the plaintiff's place, for $30. No time of payment was mentioned. After the defendant had drawn away seven loads, the plaintiff's agent forbade him to take any more until he had paid for that previously drawn, and upon his attempting to take more, drove him away by force. *Held* that this refusal of permission to the defendant to carry away any more manure until payment should be made for that already taken was a breach of the contract, and prevented a recovery by the plaintiff for any part of the manure.

APPEAL, by the defendant, from a judgment of a county court, affirming a judgment rendered in a justice's court, in favor of the plaintiff.

*By the Court,* MULLIN, P. J. In the fall of 1870 the defendant purchased of the plaintiff, through her husband as her agent, the manure then on her place, and all that should be produced during the ensuing year, for $30. No time of payment was mentioned. The defendant drew seven loads, and then the plaintiff's agent

forbade him to draw any more until he paid for what he had already taken, and on the defendant attempting to take it by force the plaintiff's agent drove him off, and he has not had any more of the manure.

The plaintiff commenced this action before a justice of the peace of Onondago county, to recover "for a quantity of manure," and claimed $15 damages.

The defences were : 1st, a general denial ; 2d, a former suit in bar ; and 3d, that the manure was obtained under a special contract, which had been violated by the plaintiff to the defendant's damage, $55.

The sale being of the whole manure made for the year, the price could not be recovered until the end of the year, unless there was an agreement on the part of the purchaser to pay at an earlier day. No such agreement is pretended.

When property is sold which from its nature must be delivered in parcels, if the contract is to pay on delivery payment cannot be demanded until the whole is delivered. (*Mead* v. *Degolyer*, 16 *Wend.* 632. *Paige* v. *Ott*, 5 *Denio*, 406. *Soloman* v. *Neidig*, 1 *Daly*, 200. *Lees* v. *Richardson*, 2 *Hilt.* 164. *Baker* v. *Higgins*, 21 *N. Y.* 397. *Williams* v. *Sherman*, 48 *Barb.* 402.)

The evidence of the plaintiff's agent shows that it was the understanding of the parties to the contract that the manure should be removed from time to time as it accumulated. He went to the defendant's house and left word with his wife that he (the agent) desired him to go to the plaintiff's and remove the manure ; and the agent, in one conversation with the defendant, desired it to be removed from under the barn.

The refusal of the agent to allow the defendant to carry off the manure unless he paid for the seven loads previously taken, was a breach of the contract, and prevented a recovery for any part of the manure.

The former action brought by the plaintiff before the justice, to recover for the wrongful conversion of a part

of the manure, was not a bar to an action for the price, if such action could otherwise be maintained.

The defendant was entitled to the manure by virtue of his contract, and could not be converted into a wrong-doer for taking it. The plaintiff was properly defeated in that action ; but that judgment is no bar to the maintenance of this action.

This action was commenced after the year expired in which the defendant was entitled to the manure made on the plaintiff's premises. The question now is, can the plaintiff, on the proofs before the justice, recover for the whole or any part of the manure ?

The defendant, by his agreement, was entitled to go to the plaintiff's premises and take away the manure. The plaintiff had nothing to do toward making a delivery. If nothing was done to prevent the defendant from removing it, it was the defendant's fault that it was not taken, and he would be liable for the whole price agreed to be paid.

But the plaintiff or her agent prevented the defendant from removing it. She cannot recover for all, or any part of the manure. The plaintiff's agent swears, that he not only forbade the defendant to take any more manure, but drove him away, when he attempted to take it forcibly.

The effect of this violation of the contract is attempted to be avoided by the agent, who says that about the time the year was up he spoke to the defendant about the manure, and the defendant told him the manure was his, and he (the agent) had better not touch it. Nothing was said about paying.

This evidence does not prove that the prohibition against taking the manure until the seven loads were paid for was removed, or that he could take another load of it. Until this was done the defendant had the right to consider the contract as broken on the part of the plaintiff, and that he could take no more manure.

This agent, after selling the manure on the plaintiff's premises at the time the contract was made, refused to allow defendant to take what was under or behind the barn. The defendant, by the contract, was entitled to the whole. Instead of the plaintiff's allowing the defendant to get it, her tenant sold what was under the barn to one Alvord; so that in no contingency can the defendant get the whole of the manure he bought. If I understand the evidence, such would seem to be its substance, and under it the plaintiff could not recover.

The judgment of the county court, and that of the justice, must be reversed.

Judgment reversed.

