PATRICK CORRIGAN *v.* JOSEPH B. SHEFFIELD AND WILLIAM R. SHEFFIELD.

*Contract of sale — when entire — partial delivery under — destruction of property by fire — who must bear loss.*

On the sixteenth of July, defendants, who were paper manufacturers, agreed to purchase of the plaintiff twenty bales of rags, stating, "We should prefer to have them after the first of August, as that is our time for taking account of stock, and we cannot conveniently discount our paper till after that time." On the eighteenth of July plaintiff shipped ten bales to the defendants, stating, by letter not received till after the nineteenth, that they "had to do it to make room," and that they would ship the other ten as ordered. On the morning of the nineteenth of July the ten bales, with other rags, were delivered and received — though without knowledge that they were part of those purchased from plaintiff — at defendants' warehouse. On the afternoon of that day the warehouse took fire, without any fault of the defendants, and the rags were consumed.

In an action to recover the value thereof, *held*, (1) that the contract was an entire one for the delivery of twenty bales; that the ten bales delivered on account thereof remained at plaintiff's risk; (2) that by the contract, the rags were not to be delivered until August first, and that the defendants were not responsible for what might be delivered before that time.

That there was no acceptance of the rags and no opportunity for such examination as defendants had a right to make, before deciding whether to accept or reject them. (Per DANIELS, J.)

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

The action was brought to recover for ten bales of rags delivered by the plaintiff to the defendants, in pursuance of their order in writing, for twenty bales.

The ten bales were shipped by the steamer Ansonia, addressed to the defendants at Saugerties, on the 18th day of July, 1872. The rags reached there on the nineteenth, and were taken by the defendants' servants, together with other rags which had arrived at the same time, into the mills of the defendants, where they usually stored their rags until they needed them for manufacture into paper.

On the same day the mills and their contents, including these rags, were destroyed by accidental fire.

The defendants did not know that the plaintiff's rags were among those received, and the letter advising them of the shipment did not arrive until after the fire.

*Albert Cardozo*, for the plaintiff.

*P. Cantine*, for the defendants. The contract for twenty bales was one and indivisible. The situation of the parties was simply this : the respondent not having room to store them, shipped the goods in anticipation of the time, to be received and stored as his goods at his risk until the time for the completion of the contract had arrived. (*Kelly et al.* v. *Upton*, 5 Duer., 336 ; *McDonald* v. *Hewitt*, 15 Johns., 349 ; *Reimers et al.* v. *Ridner*, 2 Rob., 11 ; *Kein* v. *Tupper*, 52 N. Y., 553 ; *Hill* v. *Lynch*, 3 Rob., 52 ; *Field* v. *Moore*, Lalor Supp., 418 ; *Rapelye et al.* v. *Mackie and others*, 6 Cow., 250 ; *Murphy* v. *Adams*, 8 N. Y., 291 ; *Newcomb* v. *Cramer*, 9 Barb., 402 ; *Stephens* v. *Sauter*, 49 N. Y., 35 ; *Bronson* v. *Gleason*, 7 Barb., 476 ; *Pierson* v. *Hoag*, 47 id., 243 ; *Burt* v. *Dutcher*, 34 N. Y., 493.

BRADY, J. :

The contract for the delivery of rags from the plaintiff is contained in the letter of the defendants, which is as follows :

"SHEFFIELD MILLS,
"SAUGERTIES, N. Y., *July* 16, 1872.

"*Mr. Patrick Corrigan :*

"DEAR SIR.— Yours of the 12th is received. You may send us the 20 bales No. 1. We should *prefer* to have them *after the 1st of August*, as that is our time for taking account stock, and we cannot conveniently discount our paper till after that time.

"Yours truly, etc.;

"J. B. SHEFFIELD & SONS.

"We should prefer to receive no more stock till *after 1st of August.*"

There is nothing in the letter and nothing in the proof given showing at what time the rags were to be paid for, but the statement in the letter referring to the first of August, namely, "we cannot conveniently discount our paper till after that time," shows that it was to be paid for at or about the time of its delivery, as they wished

it, namely, after the first of August. The delivery of ten bales before the first of August, by carrier, was as to such quantity clearly for the convenience of the plaintiff, as shown by his letter. " I have this day shipped you ten bales. I had to do it to make room. I will ship the other ten bales, as you ordered, or at any time sooner that you may want them." The letter of the defendant was for twenty bales, and was an entirety. When such a contract exists and the payment is to be made on delivery, no action will lie until the whole is delivered. The delivery of a part of the goods, under such a contract, will give no right of action against the vendee. (*Soloman* v. *Neidig*, 1 Daly, 200 ; *Bruce* v. *Pearson*, 3 Johns., 534 ; *Kein* v. *Tupper*, 52 N. Y., 553.) If the contract in this case be regarded as silent as to the time of payment, then by the law the payment is to be made when the goods are delivered. The bales sent to the defendants and taken to their mill, were not so taken with knowledge that they were part of the purchase from the plaintiff. The letter of advice from him to the defendants was not received until after the fire, by which they were burned. It may be said, in addition to this, that the defendants did not engage absolutely to accept the twenty bales before the first of August. They expressed a preference for a delivery after that day, and it was the duty of the plaintiff either to say that they must accept at once or to wait until the time suggested. The defendants gave the reason why they did not wish the goods delivered at once, and the reason related to the payment for them. The plaintiff understood this, and when he sent the ten bales said not only that he had to do it *to make room*, but in addition that he would *send the other ten at the time they were* ordered or sooner. If he had not accepted the terms of the letter as to the delivery after the first of August, it was not necessary to give any reason for the delivery of the ten bales. The effect of that act, accompanied by the letter, was to place the goods at the mercy of the defendants. They could receive or could reject them either because it was a delivery in part or because they were not to be sent until after the first of August. The destruction of the goods on the day they were put in the defendants' mill prevented the exercise of this right, and without fault or laches on the part of the defendants. If, therefore, we apply the rule as to the entirety of the contract or the evident understanding of the parties

in reference to the time of the delivery as an absolute right, the goods were at the risk of the plaintiff, and not at that of the defendants, under the circumstances stated. If the contract for the sale and delivery of goods be an entirety, and part of the goods are delivered or put in transit for delivery, and are lost or destroyed by fire, no action accrues to the seller against the vendee. The cases cited illustrate this rule and they control our judgment to be pronounced. The verdict should, for these reasons, be set aside and a new trial ordered, with costs to abide the event.

DAVIS, P. J., concurred.

DANIELS, J.:

There was no acceptance of the rags taken upon the defendants' premises prior to the fire which consumed them, and no opportunity for any such examination of them as he had the right to make, before deciding whether to accept or reject them. For that reason I concur in the conclusion.

Verdict set aside, new trial ordered, costs to abide event.