WILLIAM EVANS, Plaintiff in Error, *v.* THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Defendant in Error.

26  189
62a  69

26  189
165  548

26  189
110a  303

ERROR TO LA SALLE.

If a party uses an article furnished under a written contract made by an agent, it will be presumed that it was intended to ratify the contract.

A party who complies with his contract may recover for breach of it by the other contracting party; or he may abandon the contract and recover *pro tanto*; but in the latter case, the contract price will fix the measure of damages.

Where a contract stipulates that eighty per cent. shall be paid monthly for wood as delivered, and that twenty per cent. may be reserved to be paid within thirty days after the completion of the contract, the twenty per cent. will not be liquidated damages, nor considered a forfeiture, but as a sum to cover damages, or out of which to recoup in case of a breach of the contract.

A receipt of a part of the money earned on such a contract, is not a waiver of rights acquired under it.

THIS was an action in assumpsit, brought to recover the value of four hundred and ninety-five cords of wood, claimed to have been delivered by plaintiff to defendant, at its request, in the months of January and February, 1857.

Plaintiff filed his declaration in the usual form of the common counts.

Defendant filed the following pleas:

First—Plea of general issue.

Second—Plea of payment.

Third—A special plea, as follows: " And for a further plea in this behalf, defendant saith, *actio non*, etc., because it saith that the wood mentioned in the declaration aforesaid, was sold and delivered upon a contract entered into between said plaintiff and said defendant, on the 5th day of January, A. D. 1857, by the terms of which agreement, said plaintiff agreed to deliver the defendant one thousand five hundred cords of wood, on the line of the Chicago and Rock Island Railroad, one mile west of the Junction station, by the first day of May, A. D. 1857, and by which contract, the defendant agreed to pay to said plaintiff two dollars and fifty cents per cord, eighty per cent. to be paid monthly as the wood should be delivered, and the remaining twenty per cent. should be paid within thirty days after the completion of the contract. And defendant avers that it has paid to said plaintiff eighty per cent. of the price of all the wood which has been delivered by said plaintiff to said defendant, and that the said plaintiff has never completed said contract, and has not delivered to said defendant said one thousand five hundred cords of wood; and this the said defendant is ready to verify, wherefore it prays judgment, etc."

Plaintiff replied to said plea by denying payment, and the making of a contract as alleged in said third plea.

The cause was tried before HOLLISTER, Judge, and a jury; and a verdict had for the defendant, and judgment thereon entered against the plaintiff for costs.

The plaintiff, to maintain the issue on his part, produced a witness, *John W. Conlogue,* who testified as follows: "I am acquainted with plaintiff and defendant; I was in the employ of defendant in the spring of 1857; plaintiff delivered to defendant, in the months of January and February, 1857, four hundred and ninety-four and one-half, or four hundred and ninety-five and one-half cords of wood, worth two dollars and fifty cents per cord. Said wood was received and used by defendant."

"I made a contract with plaintiff to deliver to defendant, within a mile of Trenton, on the line of the defendant's railroad, one thousand, or fifteen hundred cords of wood, for which plaintiff was to have two dollars and fifty cents per cord, eighty per cent. to be paid monthly, as the wood was delivered, and the remaining twenty per cent. was to be paid within thirty days after the completion of the contract. Said wood was to be delivered by the first of May, 1857. The whole of said one thousand cords of wood was never delivered, to my knowledge, at least up to the time fixed for the completion of the contract."

"I don't know that the whole of said wood was delivered. I know it was not at that point; I know it because I was over that part of the road frequently. The four hundred and ninety-four and one-half cords of wood that were delivered by plaintiff to defendant, were delivered in January and February, 1857. The wood was to be estimated monthly as delivered, and the eighty per cent. to be paid monthly as wood was delivered. The wood delivered in January was not paid for in February—would not be if delivered in January. That wood that was delivered in January and February was not paid for until April following. None of the wood delivered was paid for the month it was delivered."

Defendant, to maintain the issues on its part, offered in evidence, and read to the jury two receipts of plaintiff, as follows:

CHICAGO & ROCK ISLAND R. R. Co., PERU STATION,

1857.                                    *To* WM. EVANS,                        *Dr.*

Feb.      For 468 cords of wood, 20s, less 20 per cent., delivered one mile

           west of Trenton.....................................$936.00.

Dated, *La Salle, April* 2, 1857.

Received of the Chicago & Rock Island Railroad Company, the sum of nine *hundred thirty-six* dollars, ($936) *in full for the above account.*

                                        WM. EVANS.

Evans *v.* Chicago and Rock Island Railroad Co.

CHICAGO & ROCK ISLAND RAILROAD COMPANY, PERU STATION,

1857.                                                    *To* WM. EVANS,          *Dr.*

January.       For 26½ cords of wood, at 20s., less 20 per cent., delivered
                    at Barlow's Crossing.................................$53.00.

   Dated, *La Salle, April 2,* 1857.

   Received of the Chicago & Rock Island Railroad Company, fifty-three ($53)
dollars, in full for the above account.

                                                    WM. EVANS.

   Also a written memorandum of the contract mentioned by
witness Conlogue, in the words and figures following:
   "Memorandum of an agreement, made this fifth day of Jan-
uary, 1857, between Wm. Evans, of the first part, and the Chi-
cago and Rock Island Railroad Company, by J. W. Conlogue,
wood agent, of the second part. The said Wm. Evans agrees to
furnish and deliver to the said company, on the line of the Chicago
and Rock Island Railroad, one mile west of Trenton Station, by
the first day of May, 1857, one thousand five hundred cords of
wood (128 ft. ea.); said wood to be of sound, thrifty timber,
and cut four feet long, measuring half the calf, well split and
corded, and no round wood to be delivered of less size than
three inches in diameter, or larger than six inches in diameter;
all sound timber as above, to be received by the party of the sec-
ond part, with the following exceptions: Bass wood, willow
and buckeye. The wood to be piled within six feet of the rail-
road track, in racks from six to eight feet high, and not more
than two racks together until inspected by wood agent. All
the wood to be subject to the inspection and measurement of the
above named wood agent, or any other authorized agent he may
appoint, of the party of the second part. And the said railroad
company agree to pay to said Wm. Evans two 50-100 dollars per
cord ; eighty per cent. to be paid monthly as the wood shall be
delivered, and the remaining twenty per cent., together with all
moneys due on this contract, shall be paid within thirty days
after the completion of this contract. The monthly payments
shall be made in current funds, on the fifteenth day of each
month, at the office in Chicago, (or as soon thereafter as the
same can be conveniently done by the wood agent on the line
of road) on the estimate of the wood agent, which shall include
all the wood delivered by the last day of the preceding month.
In witness thereof, said parties have hereunto set their hands
and seals, the day and year first written.

                                                    WM. EVANS.
                                                    J. W. CONLOGUE."

   This was all the evidence given on the trial of the cause.
   The plaintiff's instructions asked for, of which the first was
refused, and the second given, were as follows:

1. If the jury believe, from the evidence, that the wood in controversy was delivered upon a contract between plaintiff and defendant, by which plaintiff agreed to deliver one thousand cords of wood by the first day of May, 1857, and that plaintiff failed to deliver the full amount of said wood to said defendant by the first day of May, 1857, but that plaintiff delivered a portion of said wood, and the defendant kept the wood so delivered, after the time mentioned in the contract for the delivery of the whole amount of the wood, and used the same, then defendant is bound to pay plaintiff for the wood so delivered, so much as he has proved said wood to be worth.

2. If the jury believe, from the evidence, that the wood in controversy was delivered upon contract, as claimed by defendant, then defendant must prove that it has fully performed the contract on its part, before the jury can find for the defendant; and if the jury believe, from the evidence, that defendant failed to make its payments as agreed upon, then the plaintiff had a right to treat said contract as rescinded, and is entitled to recover from defendant for the wood, so much as it was worth.

To the refusal to give said first instruction, plaintiff duly excepted; and to the giving of said second instruction, defendant excepted.

The defendant's instructions, asked for and given by the court, were as follows:

1. If by the contract, eighty per cent. of the price of the wood sold and delivered by plaintiff to defendant, was to be paid at the office of defendant, in Chicago, monthly, on the 15th of each month, or as soon thereafter as the payments could be conveniently made by the wood agent, and if the amount of eighty per cent. on the wood delivered has been paid by defendant, and received by plaintiff, before the plaintiff can insist that the defendant has violated its contract by not paying the eighty per cent. in proper time, he must show that defendant has failed to make such payment after proper demand at its office in Chicago, or that the wood agent did not pay the same as soon after the 15th of each month as he could conveniently do so on the line of the road.

2. If the wood in question was delivered under the contract read in evidence, and the plaintiff, on the 2nd of April, 1857, accepted eighty per cent. of the price of the wood delivered by him, he cannot rescind the contract because the eighty per cent. was not sooner paid.

3. If the wood sold and delivered by the plaintiff was under contract by which the plaintiff agreed to deliver to the defendant 1,500 cords of wood, on the line of the Chicago and Rock Island Railroad Company, one mile west of Trenton Station, by

the 1st day of May, 1857; and if by said contract, the defendant agreed to pay the plaintiff $2.50 per cord, eighty per cent. to be paid monthly, as the wood should be delivered, and the remaining twenty per cent. within thirty days after the completion of the contract, and if the defendant has paid to the plaintiff eighty per cent. of the price of all the wood delivered under the contract, plaintiff is not entitled to recover the twenty per cent. until he has fulfilled his part of the contract.

To the giving of defendant's instructions, plaintiff duly excepted.

A motion for a new trial was made, but overruled by the court; to which the plaintiff duly excepted.

The plaintiff here assigns the following grounds of error: The court erred in refusing to give the first instruction asked for by plaintiff; in giving defendant's instructions as asked for, and in overruling plaintiff's motion for a new trial; the judgment is against law and evidence; and the verdict is wholly unsupported by evidence.

CHARLES BLANCHARD, for Plaintiff in Error.

GLOVER & COOK, for Defendant in Error.

WALKER, J.  Even if there was entire want of authority, for the purchase of the wood, by Conlogue, the act was fully ratified by the company, by using it, and paying for it, in part. If he had no authority, and the company had designed to avoid liability, they would most unquestionably have refused to appropriate it to their use.  If they had not designed to ratify the contract, they should not have appropriated the wood.  We are therefore of the opinion that the parties are bound by the terms of the written agreement.  Had plaintiff in error complied with his agreement, he would have been entitled to recover the full amount of the contract price.  Or if the company had failed or refused to keep and perform their part of the agreement, and the plaintiff in error had committed no default, he was entitled to recover damages for a breach, as he had the right to abandon the contract, and sue and recover under the common count. Or even if the road was not in default, and they received and appropriated the wood to their use, so that plaintiff in error could not be repossessed of his property, he might recover for the portion delivered by him, and used by the company.  But in that case the price agreed upon in the contract would be taken as the measure of damages, but from these damages the company would have the right to recoup such amount as they had been damaged by a non-performance of the agreement by plaintiff in error.

This agreement contains no stipulation, that if the entire quantity of wood was not delivered within the specified time, that the plaintiff in error should forfeit the portion delivered, nor is there anything which indicates that any amount was fixed as liquidated damages for a breach. If there was a breach by plaintiff in error, the company could undeniably recover such damages as they had thereby sustained. The reservation of the twenty per cent. until all of the wood was delivered, was not agreed to be liquidated damages, or to be forfeited as a penalty for a breach of contract. It seems to have been retained by the company as a sum sufficient to cover any damages they might sustain by a non-performance by plaintiff in error. The agreement of the company, was to pay eighty per cent. of the price, monthly, as the wood was delivered, the remaining twenty per cent. within thirty days after the completion of the contract. By retaining this sum, the company had, at all times in their own hands, a sufficient sum to cover any damage they might sustain by a breach of the contract, and consequently were relieved from all necessity of bringing suit on a failure to perform by the other party, and if sued they would then have the right to recoup from that sum the damages thus sustained.

In this case the eighty per cent. had been paid, upon the contract price by the company. And this suit was instituted for the recovery of the twenty per cent. retained by them. If the defendants in error had not kept their agreement, by failing to pay the eighty per cent. monthly, as the wood was delivered, then the plaintiff in error had the right to abandon the contract, and recover for the wood delivered, at the price fixed by the agreement. Or even if the company did pay for the wood according to the terms of the agreement, and they appropriated it to their use, the plaintiff in error may recover the remainder after the defendants in error have recouped any damage they may have sustained by the breach.

The first of plaintiff's instructions was properly refused, as it asserted that the proof of the value and not the contract price, was the measure of the damages. It likewise failed to inform the jury that the defendant had the right to recoup such damages as they might have sustained if the plaintiff had been guilty of a breach of contract. The second instruction given for the defendant assumes, that the acceptance of the eighty per cent. on the 2nd of April, 1857, without any reference to a prior breach or rescission of the contract, estopped the plaintiff from insisting upon a breach by the company, and a right to abandon the contract. This is incorrect, as the failure to pay for the wood at the stipulated time, months previous, may have induced the plaintiff to abandon the contract, and, if so, the

receipt of this money could not have the effect of reviving the contract. The third directs the jury, that if the company has paid eighty per cent. on the price of the wood delivered, that plaintiff is estopped from recovering, unless the whole amount has been delivered. This instruction is erroneous, as it altogether ignores any prior breach and abandonment of the contract, which may have occurred. If there was such a breach on the part of the company, the receipt of a portion of the money due to the plaintiff, could not be construed into a waiver of the rights which he had acquired by such a breach.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*