## THORNTON CUMMINGS

*v.*

## OTIS C. TILTON.

1. CONTRACTS — *for the delivery of personal property — failure to deliver — when purchaser must show willingness, readiness and ability to pay.*  In an action for the non-delivery of goods or personal property, which were to have been paid for upon delivery, the plaintiff must not only aver, but he must also prove, not only a willingness to pay, but a readiness and ability so to do.

2. SAME — *what will excuse a party from offering to deliver.*  And in such case, if the purchaser informs the vendor that he cannot pay the money agreed to be paid upon the delivery of the article, the vendor is excused from offering to deliver it.

3. SAME — *performance — a question of fact to be determined by a jury.*  The fact of the readiness and willingness of a party to perform his contract, is a question solely for the jury to determine, and which it is error for a court to attempt to pass upon, by its instructions.

APPEAL from the Circuit Court of Bureau county; the Hon. G. S. ELDRIDGE, Judge, presiding.

This was an action brought by the appellee against the appellant, in the court below, to recover for the alleged breach

of a contract between the parties, by which appellee claims to have purchased a large number of hogs from appellant, and which he refused to deliver. The case was tried by the court and a jury, and a verdict found for the plaintiff for $162.10; upon which judgment was rendered, whereupon an appeal was prosecuted to this court.

Mr. J. I. TAYLOR, for the appellant.

Messrs. ECKELS & KYLE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The weight of the evidence in this case, seems to be in favor of the appellant, that he did not deliver the hogs because appellee had told him he had not all the money to pay down for them. We infer from the proof, it was a cash trade, the money to be paid on delivery. If, then, the party who is to receive, informs the party who is to deliver, that he cannot pay the money, the latter is excused from offering to deliver.

It appears from the testimony of Wicks, that this was the reason why appellant did not offer to deliver the hogs, but we do not make a point on this, as there was other testimony before the jury, and they seem to have considered that of Plumby, for appellee, of more force and entitled to more favorable consideration than that of Wicks.

The appellant has assigned as error, giving the instructions asked by appellee. They were four in number, and we think the first was erroneous, as it required of appellee proof only of a willingness to pay on delivery. We hold a party should show, in such a case, not only a willingness to pay, but a readiness and ability to pay. *Hungate* v. *Rankin et al.* 20 Ill. 639; *Frink* v. *Hough*, 29 id. 145.

Readiness and willingness to perform, is a question of fact for the jury. It was therefore error in the court, to pass upon the weight of evidence on that question, as it seems to have done in plaintiff's third instruction. Whether the facts proved by appellee, "showed his readiness and willingness to perform

the contract," was for the jury and not for the court. This instruction was, to that extent, erroneous. We see no objection to instructions two and four, except, as it regards four, we are not prepared to say the qualification "slight," should have been allowed. In all cases, and on all the points of a case, a jury is required to have sufficient evidence to satisfy them on the point made.

The cases above referred to but recognize the general rule recognized in actions for non-delivery of goods or personal property to be paid for at the time of delivery. The plaintiff must not only aver he was ready to pay at the time, but he must prove he was ready. Until this is done, a defendant is not bound to show performance, or a readiness to perform, on his part. *Topping* v. *Root*, 5 Cowen, 404.

For the error in giving the instructions one and three, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*