## MAURICE DWYER

*v.*

## JAMES DUQUID *et al.*

70   307
62a   69
70   307
165   548
70     307
109a   ¹302

1. SALE—*time of payment.* In a sale of property, where nothing is said as to when payment shall be made, the law implies that it shall be made on delivery.

2. ACTION—*to recover price of goods on partial delivery.* Where personal property is sold and delivered, there being no time fixed for payment, and the purchaser refuses to pay for the same on demand, he will be in default, and the vendor, having complied with his part of the contract, may treat the contract as abandoned, and recover in assumpsit, under the common counts, for the price of the property delivered, according to the contract.

APPEAL from the Superior Court of Cook county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of assumpsit, brought by James Duquid and James Crichton against Maurice Dwyer, for the price of coal sold and delivered under the following special contract:

"CHICAGO, *July* 9, 1872.

*Terms of contract between Mr. Dwyer and Duquid & Crichton:*

We will commence to deliver to Mr. Dwyer, Lackawana coal at $7.50 per ton, in yard, and if coal advances, Mr. Dwyer to have one-half the advance, and we the other half, with the promise that Mr. Dwyer fills all orders before any or each advance, at the figures paid before the advance; also to supply Mr. Dwyer with all the coal he desires, to supply his trade, until May 1st, 1873.

DUQUID & CRICHTON."

The case was tried by the court without a jury. The amount of coal delivered was not disputed, but the defense was, that the plaintiffs had violated their agreement by not delivering the defendant more coal, for which damages were claimed. The court below found for the plaintiffs, for $424.86, which was $283 less than the sum claimed.

Mr. T. A. MORAN, for the appellant.

Messrs. NICHOLES, McKINDLEY & MORRISON, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

By the terms of the contract between the parties in this case, nothing was said about the time when payment was to be made. In such cases, the law implies that payment is to be made on delivery of the property. *Smith* v. *Gillett*, 50 Ill. 290; *Metz* v. *Albrecht*, 52 id. 492. If, therefore, appellant refused to pay for the coal after delivery, and when payment was demanded by appellees, he was in default, and if appellees, prior to appellant's default, had complied with their part of the contract, they were authorized to treat the contract as abandoned, and might recover in assumpsit, on the common counts, for the amount of coal they had delivered, according to the contract price. *Evans* v. *Chicago and Rock Island Railroad Company*, 26 Ill. 189.

The principal controversy turns on the preponderance of evidence, and, as is quite frequent in such cases, each party asserts, with great apparent confidence, that the preponderance is with him. After carefully examining the evidence in the record, we are not disposed to disturb the finding of the court below. The evidence is conflicting, and so nearly balanced that we do not think the ends of justice require that we should remand the case for a new trial.

The judgment of the court below is affirmed.

*Judgment affirmed.*