## James H. Keeler v. Patrick T. Clifford.

1. CONTRACTS—*When Severable.*—A contract for work, which provides for the payment of definite sums at different periods, before the completion of the entire work, is not an entire contract, but is severable, and suit may be brought upon it as the installments come due.

2. CONSTRUCTION OF CONTRACTS—*Work Completed to the Satisfaction of a Party.*—Completing the work to the satisfaction of a party, as mentioned in a contract, means completing the work in accordance with the contract in such a manner that the party ought to be satisfied.

Assumpsit.—Work, labor and services. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

Between 106th and 108th streets the Calumet river takes a northeasterly course. In March, 1891, appellant owned the tract of land lying along the southerly shore of the river, extending back from the south line of the former of said streets back to the Calumet River Railway, and as far south as the half-section line of section 18—37—15. From 106th street south to said half-section line the distance from the river to said railroad widened, so that appellant's land was only some 300 feet wide along 106th street at the north end, and more than 1,000 feet wide at the south end.

At the time stated, appellant's entire river front had been docked from 106th street 1,650 feet south to said half-section line. From the half-section line south to 108th street is a further distance of 400 to 500 feet. The Calumet river had been dredged as far up as 108th street in December, 1890.

In the course of the dredging the earth excavated from the bottom of the river was thrown each way from the center line, so that one-half the earth excavated was placed on each bank, hence the earth excavated from appellant's dock line back to the center line of the river was thrown by the dredge over the dock upon his land. By an arrange-

ment with the dredge contractors and the government engineer, appellant had bought the dirt to be excavated and deposited upon the south shore of the river from the half-section line down to 108th street.

So that in March, 1891, all the earth which had been excavated from the south half of the river channel by the dredges lay in a large bank along the south shore of the river, behind the dock as far as the dock extended, and from the end of the dock down to 108th street. Such being the conditions, and appellant being the owner of all the said excavated earth along the south shore from 106th to 108th streets, and being desirous of having this bank of earth leveled in order to utilize his land as dock property, after some negotiation, entered into the following contract with appellee :

"Chicago, March 31, 1891.

To James H. Keeler:

I hereby agree to remove all the dirt which has been dredged from the Calumet river south of 106th street and on the east side of the river, and level the same to correspond with the grade of the Calumet River Railway and the top of the dock south of 106th street; and that portion of the dirt which is south of the south end of the dock, owned by said James H. Keeler, I will remove east of the half-section line of section 18—37—15 to correspond with the grade of said railway, and when said work is completed the surface of the land so filled shall be level and in good shape for any purpose. The whole work to be completed by the first of July next, or sooner, if desired by James H. Keeler, for the sum of five thousand dollars ($5,000), to be paid as follows: When one-fourth of said work is finished $1,000 is to be paid by said Keeler, and when one-half of said work is completed another $1,000 is to be paid by said Keeler, and when three-fourths of said work is completed another $1,000 is to be paid by said Keeler, and when the whole work is completed the unpaid portion of said $5,000 shall be paid by said Keeler. All of said grading to be done to the satisfaction of said Keeler. It is understood

that all of this grading is in the south one-half of section 18—37—15, and east of the Calumet river, Cook county, Illinois.

P. T. Clifford."

" Mr. Patrick T. Clifford :

I hereby accept your proposition for grading herein mentioned.

James H. Keeler."

Work was begun under the contract, and Clifford remained on the ground until after the 12th of the following July, but he had done no work for several weeks before leaving, and then abandoned the work; went to another job and never returned to finish the labor in question.

Prior to the time Clifford left the work to go to this other job, Keeler had paid him on account some $2,400, and refused to pay any more. In October following (1891), Clifford brought this suit against Keeler, alleging damages in the sum of $4,000.

First count of the declaration sets out the contract, omitting the date for the completion of the work, and then proceeds as follows:

" That soon after the execution of said agreement, plaintiff entered upon the performance of said work, and continued in the performance of the same until the 31st day of August, when he had completed in value more than three-fourths of the entire amount of the work by him to be done, as provided by said contract; but that the said defendant, not regarding his promise and undertaking in that behalf, did not nor would make the payments in said contract provided to be made, but hath neglected and refused so to do; and the defendant, further disregarding his agreement and undertaking, afterward, to wit, on the day and year last aforesaid, did not nor would not permit the plaintiff to complete said work, and then and there hindered and delayed the plaintiff from doing the same, whereby the plaintiff hath lost and been deprived of great profits and gains which he otherwise might have acquired and derived from the completion of said work, to wit, the sum of $4,000."

The only other count is the consolidated common count, including the *quantum meruit*, for work and labor, etc., and at the end of the declaration the contract is exhibited as the bill of particulars.

By stipulation it was agreed that defendant might offer in evidence under the general issue any matter of defense which he could have introduced under said second plea.

Upon issues thus made a trial was had resulting in a verdict for $1,000, a motion for a new trial was overruled, and judgment was entered on the verdict. To reverse said judgment the defendant below appeals to this court.

The defendant asked and the court refused the following instructions to the jury:

" First. The jury are instructed on behalf of the defendant, that under the contract, the earth excavated from the Calumet river, from the end of the dock to the center of the line of 108th street, was to be removed by the plaintiff and spread upon the lands of the defendant east of the half section line of section 18—37—15, to the level named in the contract.

" Second. The plaintiff can not recover the whole five thousand dollars agreed upon in the contract in evidence unless he has done and completed all the grading mentioned in the contract, and it is no excuse for him that the defendant refused to pay the third thousand dollars when he should have paid it.

" Third. If you find from the evidence that the work was not all completed by July 1, 1891, your verdict must be in favor of the defendant.

" Fourth. If from the evidence you find that the work which was performed by the plaintiff and the grading done by him was not to the satisfaction of the defendant, then your verdict must be in favor of the defendant.

" Fifth. If you find from the evidence that the land which was filled by the plaintiff was left uneven and not in good level shape, then your verdict must be for the defendant.

"Sixth. If from the evidence you find that the plaintiff did remove all the dirt dredged from the Calumet river south of 106th street, and on the east side of the river, on the premises in question; that he leveled the same to correspond with the grade of the Calumet River Railway, and the top of the dock south of 108th street; that he removed that portion of the dirt which was south of the south end of the dock which was owned by Mr. Keeler, and put it east of the half-section line to correspond with the grade of said railway; that said work was completed and the surface of the land as so filled, has been left level and in good shape for any purpose; that the whole of said work was completed by the first day of July, A. D. 1891, and that all said grading has been done to the satisfaction of Mr. Keeler, then your verdict must be for the plaintiff. But unless you find that each and all of these things have been done, your verdict must be for the defendant; for if any of these agreements have not been performed, the plaintiff can not recover even though he has performed all the others.

"Seventh. If, after performing part of the work under the contract in this suit, the plaintiff was prevented from performing the balance by the act of the defendant, then the plaintiff was excused from further performance of his work; but if the completion of the work was not prevented by the defendant's act, but the plaintiff could have gone on and finished his work, then he should have done so and can not recover damages until he has finished his work in the manner provided by the contract."

R. A. CHILDS, attorney for appellant.

BOOTH & BOOTH, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is contended by appellant that the contract is so entire and unseverable in all its parts that appellee could maintain no action thereon until he had completely performed all that he was to do.

This is directly in the teeth of the agreement, which provides for payment of definite sums at three distinct periods before the completion of the entire work, viz., when one-fourth, one-half and three-fourths, respectively, of the work is done. Manifestly, such a contract is severable, and when one-fourth of the work was done appellee could have sued for and recovered $1,000. Parsons on Cont., Vol. 2, p. 517; Wharton's Law of Covenant, Sec. 738; Evans v. The Chi. & R. I. Ry. Co., 26 Ill. 189.

Whether appellee before bringing suit had completed three-fourths of the work, as well as whether he was, by the conduct of appellant, justified in refusing to go on with the work, were questions of fact upon which we see no sufficient reason for disturbing the finding of the jury.

As to the instructions asked by appellant which the court refused to give, the first puts a construction upon the contract which is not in accordance with its terms. There is nothing in the contract requiring appellee to remove the dirt to the center line of 108th street.

If appellee had performed his part of the agreement, that is, had completed three-fourths of the work, so that he was entitled to be paid the $3,000, and if appellant failed or refused to keep his part of the agreement by paying the sum agreed to be paid when such amount of the work had been done, appellee was entitled to abandon the contract and to recover damage for a breach thereof, the amount which he would be entitled to recover being measured by the sum fixed by the contractor for doing the entire work. Evans v. Chi. & R. I. Ry. Co., 26 Ill. 189–193; Richard v. Shaw, 67 Ill. 222; Dwyer v. Duquid, 70 Ill. 307.

The second and third of such instructions were therefore properly refused.

As to the fifth, appellee might have leveled the dirt the last thing he did; he must, in order to be entitled to recover, have completed at least three-fourths of the entire work, but the contract did not require him to completely finish the work upon any portion of the land before he was entitled to be paid.

What has already been said applies to the sixth and seventh of the instructions asked by appellant.

Completing the work to the satisfaction of appellant, mentioned in the contract, meant completing the work in accordance with the contract in such manner that appellant ought to be satisfied with the work.

His dissatisfaction, if any, must be reasonable, and can not be capricious or arbitrary.

The judgment of the Superior Court is affirmed.