## Heman Ainsworth v. Samuel E. Roush.

1. PLEADING—*Where Fraud is Alleged.*—In a plea charging fraud, where the fraud consists in false representations as to the market value of a commodity, both the price as falsely represented and the actual price should be positively and definitely stated, not alleged under a *videlicet.*

2. SALES—*Time for Payment Where Not Specified.*—Where, by the terms of a contract for the sale of personal property, nothing is said about the time when payment is to be made, the law implies that payment is to be made on the delivery of the property.

3. SAME—*Where Vendee Before Time for Delivery Informs Vendor that He Can Not Pay on Delivery.*—If such a contract exists and before the time of delivery the vendee informs the vendor that he can not pay the money, the latter may act on such declaration and is excused from offering to deliver the property.

Assumpsit, on a written contract. Error to the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed June 8, 1903.

E. P. HARNEY, T. F. DONOVAN and T. W. SHIELDS, attorneys for plaintiff in error.

Where a person is insolvent or unable to pay for property when delivered, and the agreement is for cash, the vendor may refuse to deliver. Ex Parte Chalmers, L. R., 8 Ch. App. 289; Bloxam v. Sanders, 4 B. & C. 941; 1 Beach on Contracts, Sec. 407.

Where nothing is said in the contract as to the time

when payment for goods sold is to be made, the law fixes the time of delivery as the time of payment.   Smith v. Gillett, 50 Ill. 291; Dwyer v. Duquid, 70 Ill. 307.

Where a vendor sells personal property for cash and before the time of delivery the vendee notifies the vendor that he can not pay for the same on delivery, the vendor has a right to act upon this as a declaration that on the day of performance the vendee will not be able to perform, and that the vendee intends to renounce the original contract, and the vendor will be excused from delivery of the property agreed on.   Cummings v. Tilton, 44 Ill. 172; Kadish v. Young, 108 Ill. 270.

W. R. HUNTER and H. L. RICHARDSON, attorneys for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit, by defendant in error against plaintiff in error, for damages alleged to have been sustained by the latter, by reason of the failure of the former to comply with the terms of the following written memorandum:

"MOMENCE, ILL., July 8th, 1901.

This is to certify that I have sold to S. E. Roush 4000 bushels of white oats at 26 cents to be delivered in the month of July or August, 1901.

HEMAN AINSWORTH."

Roush was a grain dealer residing in Momence, and Ainsworth a farmer living some eight miles distant from that place.

Shortly after the memorandum was signed the price of oats commenced to advance and before the end of August it had risen some eight cents a bushel.   Ainsworth threshed his oats in the latter part of August and sold the crop to another party.   Roush by this suit sought to recover the difference between the contract price and the market value of the oats at the time he alleged he was entitled to receive them.

There was a verdict and a judgment in favor of defendant in error for $320, which plaintiff in error seeks to reverse in this court.

The first question presented by plaintiff in error is, did the court err in sustaining the demurrer to a special plea filed by him. This plea charges that Ainsworth was induced to make the alleged agreement by the fraudulent statement of Roush " that the market price of oats on the day of entering into the said agreement was, to wit, twenty-six (26) cents per bushel, when in truth and in fact the market price of oats on said date was, to wit, twenty-eight (28) cents per bushel, all of which was well known to the plaintiff and unknown to the defendant."

We are of opinion that the plea did not state a good defense and that the demurrer was properly sustained. The contract or memorandum was for the delivery of white oats, but there is no allegation in the plea that there was any misrepresentation as to the market price of oats of that kind. The plea also fails to aver that the alleged fraudulent statement was made by Roush to Ainsworth, and there is no direct allegation that it ever came to the latter's knowledge.

It is further to be noted that the true price of the oats and the price as represented by Roush are not stated directly, but each is laid under a *videlicet*. In a plea charging fraud, where the fraud consists in false representations as to the market value of a commodity, both the price as falsely represented and the actual price should be positively and definitely stated, not alleged under a *videlicet*.

There is evidence in the record tending to show that before the expiration of the time of delivery, as stated in the memorandum, and while the oats were being threshed, Roush called upon Ainsworth, and in the course of a conversation in reference to the delivery of the oats, said, " You will have to wait on me for part of the money," and that thereupon Ainsworth said, " I won't deliver the oats." Based on this evidence plaintiff in error offered the following instruction, which was refused by the court:

" You are instructed that if you believe from the evidence in this case that the plaintiff came to the defendant some time in the month of August, and notified the defendant that he could not pay for the oats when delivered, if you believe from the evidence that by the terms of the original contract the plaintiff was to pay the defendant cash on the delivery of the oats, but would only pay for a portion of them when delivered, and would pay for the other portion a short time thereafter, then in such case the defendant had a right to act upon such declaration before the time of performance, and refuse to deliver the said oats to the plaintiff."

Where, by the terms of a contract for the sale of personal property, nothing is said about the time when payment is to be made, as is the case here, the law implies that payment is to be made on the delivery of the property. Dwyer v. Duquid, 70 Ill. 307. If such a contract exists, and before the time of delivery the vendee informs the vendor that he can not pay the money, the latter may act on such declaration and is excused from offering to deliver the property. Cummings v. Tilton, 44 Ill. 172; Follansbee v. Adams, 86 Ill. 13.

We are therefore of opinion the instruction was right and that the court erred in not giving it. The judgment of the Circuit Court is accordingly reversed and the cause remanded.