### CHAMPLIN vs. ROWLEY.

Where a *vendor* agreed to sell a specific quantity of an article of merchandize, e. g. 100 tons of pressed *hay*, and to deliver the same within a given period, for which the *vendee* agreed to pay, at a specified price, $100 *in advance and the residue when the whole quantity should be delivered*, and the vendor delivered 50 tons, but omitted to deliver the residue; *it was held*, that the vendor was not entitled to recover for the portion delivered, unless the delivery of the residue was *prevented* by the vendee.

THIS was an action of *assumpsit*, tried at the Dutchess circuit in November, 1830, before the HON. CHARLES H. RUGGLES, one of the circuit judges.

The declaration contained the common counts only for goods and chattels, and *hay* sold and delivered by the plaintiff to the defendant. On the trial of the cause, the defendant admitted that in the autumn of the year 1831, the plaintiff delivered to him, at a dock at Rhinebeck, 52 tons and 900 lbs. of pressed hay, and that the value thereof was three shillings and sixpence per 100 weight, and that the last load was delivered about the seventh day of December, when the river closed or the navigation was interrupted by ice. The defendant then proved, that on the 12th September, 1831, a contract was entered into between him and the plaintiff, whereby the plaintiff agreed to deliver to him, at the state dock in Rhinebeck, 100 tons of hay, and all the hay that the plaintiff had to spare beyond that quantity, to be delivered pressed, between that time and the last run of the sloops; for which the defendant was to pay the plaintiff at the rate of *three shillings and sixpence* per wt.—$100 to be paid in advance, and *the*

*residue when the whole quantity should be delivered.* The defendant also proved, that about the middle of September he paid the $100 to the plaintiff, and that the plaintiff had admitted that the quantity of hay he had to spare was between 150 and 200 tons. He further proved that no hay was delivered by the plaintiff previous to the 25th October, and that the last load of hay delivered by the plaintiff was delivered a day or two previous to the closing of the navigation; at which time only the quantity of 52 tons and 900 wt. had been delivered. In addition to which evidence, the defendant *offered to prove,* in pursuance of a notice attached to his plea, that after the making of the contract, the price of hay rose in market to *eight shillings,* and from that sum to *ten shillings* per 100 wt.; and that had the plaintiff performed his contract, the net profits which the defendant would have made upon the hay undelivered would have exceeded the sum now claimed by the plaintiff for the hay which had been delivered. The defendant also *offered to prove,* that in consequence of the contract made with the plaintiff, he had hired a store-house in the city of New-York for the reception of the hay, at a rent of $90, which he had been obliged to pay; and that in consequence of the non-performance of the plaintiff in the delivery of the hay, the store-house had been unoccupied and of no use to the defendant—which evidence thus offered to be given was objected to by the plaintiff, and rejected by the judge. The defendant then insisted that the plaintiff was not entitled to recover, 1. Because the special contract being in force and unrescinded, the plaintiff could not recover without showing a full performance on his part; and 2. That at all events, he could not recover under the common counts. The judge decided that the case came within the rule of law, that where the plaintiff's contract or covenant goes only to a part of the consideration of the defendant's contract, and the breach may be compensated in damages, and the *defendant has actually received a partial benefit,* the plaintiff may support an action without showing performance; that it was not necessary that the plaintiff should have declared on the special agreement, and that he was entitled to recover on the common counts. The judge accordingly directed the jury that the plaintiff was en-

titled to their verdict for the value of the hay delivered, at three shillings and sixpence per 100 wt., after deducting the $100 paid, together with the interest of the balance from the 9th December, 1831, when the navigation closed. The jury, without leaving the box, found a verdict for the plaintiff for the sum of $386,64. The defendant moves for a new trial.

*J. Armstrong, jun.* for the defendant.

*C. Johnston & R. Wilkinson,* for the plaintiff.

*By the Court,* NELSON, J. Unless we are at liberty to make a contract for these parties, it is perfectly clear, that beyond the $100 which was to be paid in advance, the defendant is not bound to make any payment towards the hay, until the *whole quantity* agreed to be delivered, viz. 100 tons, and all besides that the plaintiff had to spare, has been actually received by him. The *residue* of the price of the hay, after the payment of the $100, was to be paid *when the whole quantity should be delivered.* Such are the express terms of the contract, and we are not left to doubtful construction to ascertain the intention of the parties. Whether any thing short of the act of the defendant himself could legally dispense with the performance of the precedent condition, is a question which we need not examine ; for it is clear that there is nothing in the contract, or in the case as presented to us, which can have that effect. 19 *Johns. R.* 71. 6 *Cowen,* 627. 6 *T. R.* 211. The plaintiff assumed to deliver the whole quantity of hay previous to the last run of the sloops, and he must abide the consequences of his default. We know that it was *possible* to have performed the contract on his part. The case falls within principles familiar in this court, which inculcate the observance of good faith in the fulfilment of contracts. 12 *Johns. R.* 165. 13 *id.* 53, 94, 359. It is unnecessary to comment upon the English cases, as the subject now under consideration has frequently been presented to this court; and the principles applicable to it have been clearly stated and settled. Some of the cases relied upon by the counsel for the plaintiff have been referred to, and their authority repudiated

by this court. The case decided by Lord *Hale*, at the *Norfolk*

assizes,1662, is pronounced by Judge *Spencer*, in *M'Millan* v. *Venderlip* 12 *Johns. R.* 165, "a very unreasonable decision." In that case, Judge Spencer also noticed the qualification to the case of *Waddington* v. *Oliver*, 5 *Bos. & Pul.* 61, that the plaintiff had no right to bring an action "until the time for the delivery of the whole had arrived," and expressed his inability to perceive the grounds on which it rests ; and disregarded it in that case and in the subsequent cases, 13 *Johns. R.* 94, and *id.* 365. The modern case of *Oxendale* v. *Wetherel*, 17 *Com. Law R.* 401, is as exceptionable and as repugnant as the case decided by Lord *Hale*, to the principle of the cases determined in this court, and therefore cannot be regarded.

If the action could have been sustained upon the common counts, I have no doubt the defence offered in mitigation of damages would have been admissible and proper, within the principles of the case of *Reab* v. *M'Alister*, decided in the court for the correction of errors. 8 *Wendell*, 109.

New trial granted.