### PAIGE *vs.* OTT.

*A party contracting to deliver a quantity of lumber at a given day, at a certain price per foot, to be paid for on delivery of the whole, but who delivers only a part by the day specified, cannot recover for the part delivered, though it be used by the vendee.*

*And where, in such a case, after the day had passed, the parties agreed that the contract should be considered performed on the delivery of another specified quantity of lumber at a still future day, and a portion of the lumber specified in such new contract was delivered and used by the vendee, but it was not all delivered; held that there could not be a recovery for the lumber delivered under either contract.*

MOTION to set aside the report of referees. The action was debt on a sealed agreement, dated December 23d, 1840, by which the plaintiff agreed to deliver to the defendant, by the first day of July then next, at certain places specified, certain timber and plank, at certain prices per foot, payable when the whole should be delivered and accepted. One count averred the delivery of the lumber according to the contract, and that the price had not been paid. Another count averred a partial delivery of the lumber within the time specified, and stated that after that time it was agreed between the parties that the plaintiff should deliver a certain *bill* of oak timber by the spring of 1842, which the defendant agreed to receive, and that it, together with the lumber already delivered, should be considered a full execution and performance of the contract. Averment, that the oak timber had been delivered according to the second agreement. There was also a count for lumber, plank and timber sold and delivered. Plea, *nil debet*, with notice of special matter.

On the trial the sealed agreement to the effect stated in the declaration was proved, and a delivery of part of the timber specified was shown. It appeared that in December, 1841, a parol agreement such as that stated in the declaration was made, and that the plaintiff within the time specified in that agreement had delivered the quantity of timber agreed upon, but a

portion of it—about one hundred and sixty feet, was *elm,* instead of the oak timber, which the defendant had agreed to deliver. The defendant had used such of the timber delivered under both contracts as was suitable for his purpose, and had made a payment on account of the lumber.

The defendant insisted that the plaintiff had not performed either agreement, and therefore could not recover. The referees reported in favor of the plaintiff.

*A. Taber,* for the defendant, moved to set aside the report.

*W. Tracy,* for the plaintiff.

*By the Court,* WHITTLESEY, J. The plaintiff agreed to furnish and deliver to the defendant certain descriptions of lumber, at specified prices, to be delivered on or before a certain day, and payment was to be made when it was all delivered and accepted. He had delivered a considerable portion of the lumber before the day fixed for the delivery by the contract; but as he had not delivered it all by that day, it is clear that he could not under the contract recover even for what he had delivered, as the contract is an entire thing, and the delivery of the whole of the lumber by the day was a condition precedent to the right to the payment for any part.

The plaintiff claims that he was relieved from the consequences resulting from the want of a strict performance of this agreement by a subsequent parol agreement, by which the defendant stipulated that if he would furnish a certain bill of oak timber by the following spring, he would be satisfied in regard to the first agreement. Conceding that it was competent to modify the original sealed agreement by a new agreement by parol, and that such new agreement was fully proved, it only modified the first agreement by extending the time for the delivery of the lumber, and altering the bill of specific lumber to be delivered. The prices under the former agreement were to govern, and the provision in the old agreement that payment was to be made when all the lumber was delivered, was also

retained. Under this new agreement some lumber was deliv-
ered, but the whole of the oak lumber required by this agree-
ment was not delivered. A number of pieces of elm were
substituted by the plaintiff in place of the oak, which the de-
fendant did not receive, and thus this new agreement has never
been fulfilled on the part of the plaintiff. The defendant has
received quantities of lumber under both agreements; the time
for the delivery under each has elapsed, the plaintiff has not
fulfilled the contract on his part by delivering all the lum-
ber even under the new agreement, and the question presents
itself whether he is entitled to payment for the lumber actually
delivered. There is a class of cases in our courts which are
analagous to this, relating to contracts for labor, which hold
that if one contracts to labor for another for a given period of
time, he cannot recover for a portion of the time, the contract
being an entire thing, and that the performance of the service
for the whole term is a condition precedent to a right to pay-
ment for any part. (*McMillan* v. *Vanderlip*, 12 *John.* 165;
*Jennings* v. *Camp*, 13 *id.* 94; *Reab* v. *Moor*, 19 *id.* 337;
*Lantry* v. *Parks*, 8 *Cowen*, 63; *Stephens* v. *Beard*, 4 *Wend.*
604; *Sickels* v. *Pattison*, 14 *Wend.* 257.) The same princi-
ple is held applicable to contracts for the delivery of a specific
quantity of any article of merchandise, at a given day, to be
paid for when the whole is delivered. If a part only is deliv-
ered, the vendor cannot recover for the portion delivered, unless
the delivery of the residue was prevented by the vendee.
(*Champlin* v. *Rowley*, 13 *Wend.* 258, *affirmed in error*, 18
*id.* 187; *Ketchum* v. *Evertson*, 13 *John.* 359; *Mead* v. *De-*
*golyer*, 16 *Wend.* 632.) I consider the two cases of *Champ-*
*lin* v. *Rowley* and *Mead* v. *Degolyer*, one of which was the
adjudication of the court of *dernier resort*, as conclusive upon
the question presented by the case now before us. The cur-
rent of decisions in our own courts has been uniform. There
are some English decisions the other way, particularly *Oxen-*
*dale* v. *Wetherell*, (9 *Barn. & Cress.* 386;) but they are com-
mented upon in the cases in our own courts above referred to,
and their doctrine repudiated.

The People *v.* Seaman.

Under the doctrine of these cases, the plaintiff clearly could not recover under the first agreement. That was only departed from on condition that the plaintiff should furnish a certain bill of oak timber within a certain other specified time. He did not do this. Instead of oak timber a part of the lumber he furnished was *elm*, which the defendant did not accept, and unless he furnished the entire lumber according to the bill and by the time mentioned in the new agreement, he is not entitled to recover even for that which he has delivered. In my judgment the report of the referees should be set aside.

Motion granted.