## JAMES WHITE *v.* FRANCIS HEWITT and others.

One who has begun the performance of work under a special contract, by which he is bound to finish it, cannot abandon the work without the consent or fault of his employer, and sue and recover for the *value* of the work which he has performed. But where the work is *actually performed,* though not in exact conformity with the contract in immaterial particulars, or with variations assented to by the employer, or where the employer accepts the work as and for a complete performance of the contract, the employee may recover.

THE plaintiff sued the defendants upon a *quantum meruit,* for certain ornamental work and carving. It appeared that the plaintiff had been employed by the defendants to do a prescribed amount of carving upon two tables, for a stipulated price, to be paid when the work was finished. Without consultation with, or interference from the defendants, the plaintiff left the work in an unfinished state, brought suit as above stated, and recovered judgment in the fourth district court. The defendants appealed.

*T. E. Stewart,* for the appellant.

*M. De Motte* and *J. L. Sutherland,* for the respondents.

BY THE COURT. WOODRUFF, J.—The evidence in this case, in relation to the terms upon which the plaintiff was employed, is

uncontradicted. The admissions of the plaintiff confirm this evidence. And we feel constrained to say, that it shows a special agreement to perform the carving of the two tables in question, (and for the carving of which this action is brought,) for a sum certain, agreed between the parties. It also shows, without any contradiction or conflict of testimony, that the plaintiff " left the work in an unfinished state," not putting on the ornaments agreed for, and in this respect it is not claimed that his contract was performed.

Although this rests upon the testimony of one witness, there is nothing in the case to throw doubt upon the truth of his statement. Independently, then, of the question, whether the plaintiff performed the work in so good a manner as the contract required, which the evidence, perhaps, leaves in some doubt, the plaintiff has never finished the work *at all*.

It is not law, that a party contracting to perform a specific job, may prosecute it so far as he thinks proper, and then abandon it unfinished, without the fault or assent of the party with whom he contracts, and then sue and recover for so much labor as he has chosen to devote to the undertaking.

When by mutual consent, or by reason of an act or default of the employer, amounting to a breach of the contract on his part, the contract has been *rescinded*, the employee may recover for the work and labor he has bestowed.

When the work has been *fully performed*, the employee may have an action for the stipulated price, and in many cases may bring the action as upon a *quantum meruit*, and use the special contract as evidence of the amount to which he is entitled.

But neither of these propositions warrants a recovery by the present plaintiff, when the contract has *not* been *performed*, and the defendants are not shown to be in fault.

It is true, that when the work is *actually performed*, but not in exact conformity with the contract in immaterial particulars, or with variations assented to by the employer, or where the employer accepts the work as and for a complete performance of the contract, the employee may recover. But no such state

of things was proved, or attempted to be proved here. There is no evidence that the defendants have accepted the work, or said or done any thing to excuse the plaintiff, or waive the completion of the carving according to the agreement. It is not shown that the defendants have used or in any manner interfered with the tables since the plaintiff left them.

Before the plaintiff can recover, he should finish his work, or tender himself ready to go on and complete it; and if the defendants should prevent his doing so, he may then, perhaps, be entitled to recover for what he has done, according to its value.

The principles above stated are supported by the very case upon which the counsel for the plaintiff seems to rely. (*Dubois* v. *The Del. & Hud. Canal Co.* 4 Wend. 285.)

To hold that a party to a special contract may abandon its performance whenever it suits his interest or pleasure, and yet recover for the value of so much work as he has thought proper to perform, is to destroy the binding character of all contracts, and leave the employer always at the mercy of the employee. (*Jewell* v. *Schroeppel*, 4 Cow. 564; *Feeter* v. *Heath*, 11 Wend. 484; *Linningdale* v. *Livingston*, 10 J. R. 36; *Paige* v. *Ott*, 5 Denio, 406, and cases cited; *Jones* v. *Judd*, 4 Comst. 411.)

If this case came to us upon the mere question whether the proof was *sufficient*, or whether the finding of the court below was against the evidence, the decision in *Low* v. *Payne*, 4 Comst. 248, and cases there cited, might bind us to affirm the judgment. The return should contain all the evidence taken before the justice on the trial. But we think it sufficiently appears here that the justice has mistaken the principle of law by which the plaintiff's rights are governed.

The judgment must be reversed with costs.