## SANDFORD RICHARDS *et al.*

### *v.*

## SAMUEL SHAW.

1. CONTRACT TO SELL AND DELIVER—*recovery upon part performance.* It is a rule, supported by a very respectable weight of modern authority, that, if the vendee of a specific quantity of goods sold under an entire contract, receive a part thereof, and retain it after the vendor has refused to deliver the residue, there is a severance of the entirety of the contract, and the vendee becomes liable to the vendor for the price of such part. But he may reduce the vendor's claim by showing that he has sustained damage by the vendor's failure to fulfill his contract.

2. So, where a plaintiff bargained with the defendants for the sale and delivery to the latter of 500 bushels of corn at a specified price per bushel, and only delivered 391 bushels of the same, and part of that after the time fixed for delivery, it was *held*, that the plaintiff was entitled to his action as upon an implied contract, for the portion of the corn he did deliver, notwithstanding his failure to complete the contract.

APPEAL from the Circuit Court of Champaign county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of assumpsit, by Samuel Shaw against Sandford and Seldon Richards, to recover the price of corn sold and delivered. The facts appear in the opinion.

Messrs. SWEET & LOTHROP, for the appellants.

Mr. JAMES S. JONES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, to recover for 391 bushels of corn sold and delivered. The declaration contained a special count on a contract for the sale of the corn, and also the common counts. The plaintiff below, Shaw, recovered a verdict and judgment for $115.

The testimony in the case showed a contract, on the part of Shaw, made in March, 1867, to sell to Sandford and Seldon Richards 500 bushels of corn at the price of 50 cents per bushel. Shaw delivered only $391\frac{20}{100}$ bushels of the corn, about 30 bushels of it the last of April, 1867, and the rest in June, 1867. The price of corn on the 5th of May, 1867, which the Richards claim to be the time of delivery, was 75 to 80 cents per bushel; and in June, 1867, at the time Shaw delivered all but the 30 bushels, it was 45 to 48 cents per bushel.

There seems to be no material contradiction in the testimony, except upon one point, the time of delivery under the contract. Shaw testified that the time of delivery was not fixed by the contract, although he admits that about the first

of May was understood to be the time for the delivery of the
corn, but that he would not make a positive agreement for the
delivery at that time. Sandford and Seldon Richards both
testified positively that, by the contract, the corn was to be
delivered by the 5th day of May, 1867, and Orin Richards
testified that it was to be delivered the first of May.

The clear weight of the testimony is, that the time of de-
livery was fixed by the contract to be by the 5th of May,
1867.

The appellants make two points for reversal of the judg-
ment: *First*, that the plaintiff below could not recover with-
out showing the completion of the contract under which the
corn was delivered. *Second*, that the verdict is against the
evidence.

There was a manifest failure on the part of Shaw to com-
plete his contract, yet we are inclined to hold that he was en-
titled to his action, as upon an implied contract, for the por-
tion of the corn he did deliver.

It is a rule, supported by a very respectable weight of
modern authority, that, if the vendee of a specific quantity of
goods sold under an entire contract, receive a part thereof, and
retain it after the vendor has refused to deliver the residue,
this is a severance of the entirety of the contract, and the
vendee becomes liable to the vendor for the price of such
part; but he may reduce the vendor's claim by showing that
he has sustained damage by the vendor's failure to fulfill his
contract. *Oxendale* v. *Wetherell*, 9 Barn. & Cressw. 386; *Ship-
ton* v. *Casson*, 5 ib. 378; *Booth* v. *Tyson*, 15 Vt. 515; 2 Story
Con. sec. 847; 2 Parsons Con. 668, and cases cited in note;
*Bowker* v. *Hoyt*, 18 Pick. 555.

Although this rule may be a relaxation of the earlier and
more generally received doctrine, that the entire perform-
ance, on the part of the vendor, of such a contract as the one
in question, is a condition precedent to the payment of the
price, and the maintenance of an action for its recovery, the
rule seems to be a fair and just one, and we are disposed to

give it our acquiescence. It seems heretofore to have received recognition by this court. *Evans* v. *Chi. and R. I. R. Co.* 26 Ill. 189.

Assuming that the time fixed by the contract for the delivery of the corn was by the 5th day of May, the verdict was manifestly against the evidence.

The damage sustained by the defendants below by the failure to deliver 470 bushels of corn within the time specified by the contract, when corn was worth 75 to 80 cents per bushel, would amount at least to some $117. Defendants had, besides, an undisputed set-off of $40.90. These two items deducted from the contract price of the corn delivered would leave only about $40 due the plaintiff below, instead of $115, as found by the jury.

The judgment must, therefore, be reversed and the cause remanded.

*Judgment reversed.*