JACOB HIME
v.
DAVID KLASEY ET AL.

1.   CONTRACT—DELIVERY—EXTENSION OF TIME OF DELIVERY.—A mere remark by one party to a contract, when told by the other party that they could not deliver the product in the time agreed, that "it did not matter so much if they did not quite come up to time, if they did the best they could," will not authorize the producer in delaying for months the delivery of each installment, or justify them in refusing to deliver any for the space of thirty days or more.

2.   DELIVERY AND PAYMENT.—According to the contract, the first installment was to be delivered in May, and first payment to be made in thirty days after the first load was delivered.   It was not intended by this that a delivery of one load in May should be a compliance with the contract as regards the first payment.

3.   RECOUPMENT OF DAMAGES CAUSED BY DELAY.—The vendee is entitled to recoup any damages he may have sustained by reason of the failure of the vendor to furnish the balance under the contract.

4.   RESCISION OF CONTRACT.—The contract does not make a failure to pay for a preceding installment a condition precedent to the delivery of another; and until a demand for payment and refusal, the vendor could not rescind the contract.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.    Opinion filed November 2, 1881.

Mr. J. A. CRAIN, for appellant; that the right to rescind did not depend upon the fact of non-payment, cited Carney v. Newberry, 24 Ill. 203.

A court will impose upon a party the same construction to a contract which he by his own words and acts has put upon it : Parmalee v. Hembledon, 24 Ill. 605; Leavers v. Cleary, 75 Ill. 349.

Mr. U. D. MEACHAM, for appellees; generally upon the right of appellees to recover, cited 2 Smith's Lead. Cas. 50; 2 Parsons on Contracts, 523; Oxendale v. Wetherell, 9 B. & C. 386; Eldridge v. Rowe, 2 Gilm. 91; Boynton v. Wicker, 45 Ill. 137; Oath. Bishop v. Bauer. 62 Ill. 188.

Upon the measure of damages : Strawn v. Cogswell, 28 Ill. 457; Phelan v. Andrews, 52 Ill. 486.

PILLSBURY, J.   This action was brought upon a written contract, as follows:

"FREEPORT, Ill. March 6, 1879.

" To ALL WHOM IT MAY CONCERN:

" Know ye by these presents, that David Klasey, E. J. Everett and J. S. Pomeroy, of the town of Cadiz, County of Green, State of Wisconsin, of the first part, do agree to make and deliver to Jacob Hime, of the City of Freeport, County of Stephenson, State of Illinois, of the second part, four hundred thousand bass-wood staves, and headings to match the staves, in the following manner: Thirty thousand to be delivered each month or more; the first installment to be delivered in the month of May, and until the 15th day of June, and thirty thousand each succeeding month until the whole amount be delivered, to be paid for in the following manner by Jacob Hime, at the rate of fifteen dollars per thousand ; the first payment to be made in thirty days after the first load of staves are delivered, and the balance to be paid in installments of four hundred and fifty dollars, each succeeding thirty days; said staves and heading to be of the following dimensions: Staves

to be thirty-four inches in length, and to be on an average four and a half inches in width, and to be cooper listed, and three-fourths inch thick when seasoned.

"Heading to be twenty-two inches in length and in three pieces; the three pieces to aggregate twenty-two inches in width.

"JACOB HIME."

From the 20th of May, 1879, to the 16th day of September, 1879, the appellees delivered, and appellant accepted, 31,311 staves, for the price of which this suit was brought.

The defense interposed was that the staves were of inferior quality, for which a deduction was claimed from the price, and it was further insisted that the appellees had not complied with their contract, by furnishing the second or any other installment of 30,000, and by reason of such failure appellants were obliged to and did go into the market and purchase large quantities of staves at greatly increased prices, the price of staves having advanced, and sought to recoup such damages in this action.

It was claimed by the appellees that the appellant did not pay for the staves actually delivered, within thirty days after the first installment was received, and they were therefore entitled to rescind the contract, and no recoupment could be allowed. It was further claimed by them that the time for the performance of the contract was extended by Hime.

The only evidence in the record tending to show an extension of the time, is the testimony of the appellee, David Klasey; that he talked with the appellant about the staves not being delivered by the 15th of June, and that he told Hime that it would be impossible for them to make the staves on time, and that Hime said it did not matter so much if they did not quite come up to time, if they did the best they could; that they were new beginners, and he did not expect they could exactly.

There is nothing in this language of appellant that would authorize the appellees in delaying for months the delivery of each installment, or would justify them in refusing to deliver any staves for the space of thirty days or more. The most

that can be claimed is that Hime would not consider a literal compliance of the contract in regard to the time of delivery as very material, if they would substantially comply; that if they used their best endeavors to fulfill the contract they could have a little latitude in regard to time.

It will be noticed that 30,000 staves were to be delivered each month, the first installment to be delivered by June 15th, and thereafter monthly. They were to commence in May, and the first payment was to be made in thirty days after the first load was delivered. It was not intended by this provision, regarding the first payment, that a delivery of one load in thirty days next succeeding, should be a compliance with the contract, but as it was not known at what time in May the delivery would commence, the monthly payment and the delivery of the monthly installments should date from the first load, provided the first installment should be delivered by June 15th.

As was said, the first installment was not delivered until in September, about four months from the delivery of the first load, which it is clear was not a substantial compliance with the contract, even with the latitude in time given for the delivery; but as the staves were received and used by the appellant the court was right under the authority of Richards v. Shaw, 67 Ill. 222, in holding that they should be paid for.

At the same time, we think that the appellant was entitled to recoup any damage he may have sustained by reason of the appellees' failure to furnish the balance of the staves under the contract.

It is suggested that, as Hime did not pay in thirty days, appellees were absolved from the performance of the contract upon their part. The contract does not make the payment of the sum due on the preceding installment a condition precedent to the delivery of the succeeding installment of 30,000 staves, and in the absence of such a stipulation we would not presume such to be the intention of the parties, and until there was a demand for the sum due, and a refusal to pay it, we are of the opinion that the appellees could not declare the contract abrogated. Now the evidence of the appellee, David Klasey, shows that no demand was made upon appellant for payment

for the staves already delivered, until two or three months after the last of the 31,311 staves were delivered, when Hime refused to pay, saying he had been damaged by their failure to deliver any more upon the contract. The evidence in this record causes us to believe that it was the appellees who had not only up to that time violated the contract, but at the time of the demand for payment had abandoned it, and after the lapse of two or three months, without any further attempt to comply with the contract upon their part, the appellant was justified in treating the contract abandoned by the appellees. At all events, this question should have been submitted to the jury under proper instructions, and if the fact should be found that the appellees had failed to comply with the contract, then the appellant should be allowed his damages by way of recoupment; while he should pay for the benefit received he should be allowed the damages he has sustained in consequence of the breach of the contract by the appellees. Richards v. Shaw, *supra.*

The instructions given by the court to the jury, deprived the appellant of this right of recoupment, and should for that reason have been refused or modified; beside there does not appear to be any evidence in the record upon which to base the hypothesis stated in the instructions, that the appellant had refused to pay for the staves within thirty days after delivery.

We think this case should be submitted to another jury under proper instructions, and accordingly reverse the judgment and remand the cause.

Judgment reversed.