UNITED STATES, to Use of HUDSON RIVER STONE SUPPLY CO., v. MOLLOY et al.

(Circuit Court of Appeals, Second Circuit. February 1, 1904.)

No. 82.

1. SALES—PAYMENT BY INSTALLMENTS—BREACH BY PURCHASER—JURY QUESTION.

Evidence in an action for the purchase price of goods, defended on the ground of the seller's breach of contract in not making prompt deliveries, examined, and *held* to warrant submitting to the jury the question wheth-

er defendant had not first breached, the contract by failure to pay the required installments of purchase money, so as to render his subsequent termination thereof wrongful.

2. SAME—NATURE OF ACTION—QUANTUM VALEBAT.

Where a purchaser of goods wrongfully breaks the contract of sale, the seller is entitled to sue on a quantum valebat for compensation for his partial performance.

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error to review the action of the United States Circuit Court for the Southern District of New York in directing a verdict for defendants, rendering a judgment on the merits in their favor, and ordering that the complaint be dismissed.

W. H. Stayton, for plaintiff in error.

Abram J. Rose, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The plaintiff company sued in the name of the United States, under an act of Congress for the protection of persons furnishing materials for the construction of public works, for the use and benefit of said company, alleging the refusal of defendant, Molloy, to pay for stone delivered to him, reasonably worth $2,142, used in a certain contract with the United States government, and for which he had agreed to pay; and further alleging that both defendants had entered into a bond to the United States that the defendant, Molloy, should pay all persons furnishing materials to be used in said work.

Plaintiff proved that it delivered said stone to Molloy, that it was worth the sum charged, and that Molloy promised to pay therefor, and it was admitted that said stone was used in said government contract. Defendant then proved a written contract between the plaintiff company and the firm of Molloy & Sheehan, of which defendant, Molloy, was a member, in which the plaintiff company agreed, inter alia, "to keep the party of the second part supplied with stone thereafter as required," and the defendant agreed "to make payments to party of the first part, every thirty (30) days, for ninety per cent. (90 %) of the material used the previous month, and the balance thirty days after completion of contract." Defendant also proved that there was no contract other than this written contract between the parties, and that the plaintiff company failed to supply stone as required. Defendant, Molloy further proved that, after several complaints, he gave notice to the plaintiff company that he elected to treat its conduct as an absolute breach of contract, and to hold it liable in damages therefor. Thereupon both parties rested. Defendant moved for a direction of a verdict.

Plaintiff's counsel then said:

"I desire to go to the jury specifically on the ground that on the 22d day of May there was absolutely no firm of Molloy & Sheehan in existence; it makes no difference what relations we had had with the firm. On the 22d day of May we began to deliver stone to them, which Mr. Molloy received in his personal name, and did not mention Molloy & Sheehan. Perhaps we furnished

it under the written contract, and perhaps we did not. We ask to go to the jury on the question of fact whether it was not stone furnished Molloy, instead of Molloy & Sheehan."

The court denied the request, and plaintiff excepted.

Counsel for plaintiff assigned as error certain rulings of the court, but in his brief and argument he stated that the single question raised in this court was as follows:

"Where there is a written contract, only partly performed, and disputes arise between the parties, whereupon one of them declares the contract terminated and refuses to accept further deliveries, may the other party sue in quantum meruit, or must he sue on the express contract?"

Plaintiff's counsel further says:

"The court refused to allow the case to go to the jury, holding that suit must be on the special agreement, even where defendant admitted that he had terminated the contract. On this theory a verdict for defendant was directed. From that direction plaintiff appeals."

The record fails to show, except inferentially, that the court directed a verdict on said theory, and fails to show any exception material to this question, other than the one stated above. But as both parties agree that this question is the only one involved, and have asked that it be disposed of, the assignment of error will be treated as though it had been founded upon an exception duly taken.

There is much uncertainty and conflict of authority on this question. The parties hereto have treated this claim as one founded on a quantum meruit, which lies for work and labor. Strictly speaking, it is on a quantum valebat, which lies for goods sold and delivered. The first and controlling question is whether there was evidence to go to the jury that defendant wrongfully terminated said written contract. The evidence is uncertain and unsatisfactory as to which party first broke the contract. But it appears from Molloy's testimony that plaintiff delivered a load of stone prior to May 22d. It appears that this load of stone was never paid for. It may be inferred from Molloy's telegrams that another load was furnished prior to June 16, 1897. In all, four loads were delivered, and nothing was paid therefor, although more than 30 days had elapsed since the delivery of the first load. More than 30 days elapsed between the end of the month, in which the first load was delivered and no payment made, and the time when the defendant notified plaintiff that he would no longer abide by the terms of the contract. Defendant, Molloy, accepted a boat load of stone on or about July 1st, and attempted to rescind said contract on July 8th. He subsequently admitted his liability for the stone furnished, and promised to pay therefor. In these circumstances it must be held either that defendant wrongfully failed to fulfill said contract, or, at least, that there was sufficient evidence of his breach to go to the jury.

If the defendant wrongfully broke said contract, plaintiff was discharged from further performance, and was entitled to sue on a quantum valebat for compensation for his partial performance. Clark on Contracts, 694. This cause of action is distinct from that arising out of the original contract, and is based upon the contract implied by law from the acceptance by the other party of the benefit of such per-

formance. Clark v. Mayor, 4 N. Y. 342, 53 Am. Dec. 379; John Pinches v. The Swedish Ev. Luth. Church, 55 Conn. 183, 10 Atl. 264, and cases cited; Derby v. Johnson, 21 Vt. 17; Clark on Contracts, 782, and cases cited; Davison v. Von Lingen, 113 U. S. 40, 5 Sup. Ct. 346, 28 L. Ed. 885; Anson on Contracts, 352. The rule in the federal courts is stated as follows:

"When a party injured by the stoppage of a contract elects to rescind it, * * * he recovers the value of his services actually performed, as upon a quantum meruit." United States v. Behan, 110 U. S. 338, 345, 4 Sup. Ct. 81, 28 L. Ed. 168.

Lovell v. St. Louis Mutual Life Ins. Co., 111 U. S. 264, 4 Sup. Ct. 390, 28 L. Ed. 423. The cases bearing on this general subject are collected and discussed in the recent opinion of this court in Re Stern, 116 Fed. 604, 54 C. C. A. 60.

Counsel for defendant has cited the three following cases: Dermott v. Jones, 2 Wall. 1, 17 L. Ed. 762; Lantry v. Parks, 8 Cow. 63; Jennings v. Camp, 13 Johns. 94, 7 Am. Dec. 367. In Dermott v. Jones there was no question involved of the termination of the contract by defendant. The court, after having held that plaintiff was entitled to recover, merely stated obiter the general rule, applicable to cases where there has been no breach on the part of the defendant, that while a special contract remains executory the plaintiff must sue upon it. But the court also says:

"Where he has in good faith fulfilled, but not in the manner or not within the time prescribed by the contract, and the other party has sanctioned or accepted the work, he may recover upon the common counts in indebitatus assumpsit."

In the other two cases the court merely held that where a party enters into a contract and performs part, and then, without cause and without the fault of the other party, abandons the performance, he cannot recover on the common counts. It is unnecessary to discuss the soundness of these two decisions, as they have no bearing on the case at bar. We think the court erred in refusing to submit the case to the jury.

The judgment is reversed.