**W. A. Davis Lumber Company, Appellant, v. H. C. Stone Lumber Company, Appellee.**

**Gen. No. 6,709.**

SALES, § 156*—*effect of retention of part of goods sold after refusal to deliver balance.* If the vendee of a specific quantity of goods sold under an entire contract receive a part thereof and retain 'it' after the vendor has refused to deliver the residue, this is a severance of the entirety of the contract, and the vendee becomes liable to the vendor for such part, but he may reduce the latter's claim by showing that he has sustained damage by the latter's failure to complete the contract.

Appeal from the County Court of Peoria county; the Hon. ROBERT H. LOVETT, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920.

COVEY, CAMPBELL & COVEY, for appellant.

TICHENOR, TODD, WILSON & BARNETT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. A. Davis Lumber Company sued H. C. Stone
Lumber Company to recover the price of two carloads
of lumber sold and delivered, and filed a declaration
consisting of the common counts, with an affidavit of
claim showing the amount due plaintiff to be $726.42,
attached to which declaration was also a copy of the
account sued on which gave defendant certain credits.
Defendant filed a plea of the general issue with an
affidavit of merits, claiming a set-off or recoupment by
reason of the failure of plaintiff to complete the per-
formance of its contract for the shipment of lumber.
A jury was waived. At the trial certain facts were
stipulated, and forty-eight letters between the parties
were admitted in evidence without objection and wit-
nesses were heard on one disputed question of fact.
Exhibit 4, dated November 7, is obviously meant to
be dated February 7. Plaintiff had a judgment for
$346.91, and it appeals therefrom.

It was stipulated that payment on cars of lumber
delivered was due in from 2 to 5 days after delivery,
to give the buyer time to inspect, and that payment
within that time entitled the buyer to 2 per cent dis-
count; that car No. 15022 was delivered April 22, 1918,
and therefore payment on it was due April 27; that
car 5418 was delivered April 23, 1918, and therefore
payment was due therefor on April 28, 1918. It was
stipulated that on car 15022 a certain sum had been
paid by defendant and certain freight had been paid
by defendant and the balance due on that car was
agreed. It was agreed that on car 5418 defendant was
entitled to credit for freight paid thereon and also a
deduction for certain shortage and off-grade on that
car, which amount was agreed upon. The contracts
are contained in the correspondence. There is some
confusion on that subject in the earlier letters. The
facts, however, appear to be that under date of Febru-
ary 6, 1918, defendant ordered one or two carloads

of lumber from plaintiff, which order it accepted as one car, and filled with said car No. 15022, payment for which under the stipulation came due on April 27; that under date of February 8, defendant ordered of plaintiff one or two more cars and, under date of February 9, made that an order for 35,000 feet of lumber to be shipped in two cars, and, if necessary, three cars, and asked to have the first car moved promptly and the other about 30 days later. This was accepted by plaintiff with the request to be permitted to load the second car soon, instead of 30 days later, and that was agreed to by defendant. Car 5418 was the first car shipped on this order and contained 13,486 feet of lumber, payment for which, as already stated, was due April 27. Before that time had arrived plaintiff had requested to have that order canceled and defendant had refused. Before payment was due on the first car shipped on that second order we think it plain that plaintiff had decided not to ship any more cars on that order. This may have been because the price of lumber had raised. Plaintiff contends that because defendant did not remit for the first two cars plaintiff was not bound to ship more lumber and defendant therefore is not entitled to damages for the failure to fill the order.

The rule stated in *Richards v. Shaw*, 67 Ill. 222, seems to cover this case. It was there said: "If the vendee of a specific quantity of goods sold under an entire contract, receive a part thereof, and retain it after the vendor has refused to deliver the residue, this is a severance of the entirety of the contract, and the vendee becomes liable to the vendor for the price of such part; but he may reduce the vendor's claim by showing that he has sustained damage by the vendor's failure to fulfill his contract." To the same effect is *Evans v. Chicago & R. I. R. Co.*, 26 Ill. 189. The same principles are announced in *Anglo-Ameri-*

*can Provision Co. v. Prentiss,* 157 Ill. 506; *Lake Shore & M. S. Ry. Co. v. Richards,* 152 Ill. 59; and in part in *Norrington v. Wright,* 115 U. S. 188. We are of opinion that the cases cited by appellant do not overrule the rule stated in *Richards v. Shaw, supra.*

Before the time had arrived when under the stipulated custom defendant was required to pay for the cars it had received, defendant had shown by its letters and conduct that it did not further intend to fill the second order. Therefore, while defendant had become liable to plaintiff for the price of the lumber received, it had a right to reduce the plaintiff's claim by showing that defendant had been damaged by the plaintiff's failure to ship the rest of the 35,000 feet. Plaintiff offered evidence tending to show that at the time when said remaining lumber should have been received under the contract, the market price of that kind of lumber at the place of delivery had not increased, but there was a clear preponderance of proof presented by defendant, showing that the market price of said lumber at said place had materially increased. It is not argued that the judgment is erroneous if the court did not err in allowing such damages to be recouped or set off. We approve the ruling of the court in rejecting the propositions of law and fact submitted by plaintiff.

The judgment is therefore affirmed.

*Affirmed.*